IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DON AHRENS                              )
BEVERLY AHRENS,                         )
                                        )
                 Plaintiffs,            )
                                        )
        v.                              )        No. 1:07-cv-00035 RMU
                                        )
UNITED STATES,                          )
                                        )
                 Defendant.             )

<u>UNITED STATES' MOTION TO DISMISS</u>

The United States moves to dismiss this action.  Plaintiffs' complaint should be

dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction

because 26 U.S.C. § 7433 of the Internal Revenue Code provides the exclusive remedy

for allegedly unauthorized or improper collection actions.  In the alternative, Plaintiffs'

complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject

matter jurisdiction because Plaintiffs failed to bring their action within the two year

statute of limitations as required by 26 U.S.C. § 7433(d)(3).  In the alternative, Plaintiffs'

complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject

matter jurisdiction because Plaintiffs failed to meet their burden in proving exhaustion

of administrative remedies as required by 26 U.S.C. § 7433(d)(1).  In the alternative,

Plaintiffs' complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure

to state a claim upon which relief can be granted because Plaintiffs have not alleged

sufficient facts upon which to posit a violation of 26 U.S.C. § 6103.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: March 26, 2007

Respectfully submitted,

 /s/ Anne E. Blaess
ANNE E. BLAESS
NICOLE M. STODUTO
Trial Attorneys, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Telephone: (202) 616-9806
                 616-9785
Facsimile: (202) 514-6966
Email: Anne.E.Blaess@usdoj.gov
         Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DON AHRENS                              )
BEVERLY AHRENS,                         )
                                        )
              Plaintiffs,               )
                                        )
       v.                               )         No. 1:07-cv-00035 RMU
                                        )
UNITED STATES,                          )
                                        )
              Defendant.                )

MEMORANDUM IN SUPPORT OF THE
UNITED STATES' MOTION TO DISMISS

This is a suit brought under 26 U.S.C. § 7431 in an attempt to recover damages

allegedly caused by the Internal Revenue Service ("Service") disclosing confidential

return information.  Plaintiffs' complaint should be dismissed pursuant to Fed. R. Civ.

P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon

which relief can be granted.

QUESTIONS PRESENTED

Section 7433(a) provides, with one exception not pertinent here, that it "shall be

the exclusive remedy for recovering damages" for unauthorized or improper collection

actions.  26 U.S.C. § 7433(a).  Plaintiffs' unauthorized disclosure claim relates to notices

of federal tax lien by the Service.  Can Plaintiffs recover under 26 U.S.C. § 7431 when

their claim is based on collection actions?

An action under 26 U.S.C. § 7433 must be brought within two years after the date

of discovery of unauthorized disclosure.  26 U.S.C. § 7433(d)(3).  Where Plaintiffs

submit notices of federal tax lien prepared on August 20, 2002, and June 10, 2004, should Plaintiffs' claim be barred by the statute of limitations?

Section 7433(d)(1) requires the plaintiff to have "exhausted the administrative remedies available to such plaintiff" before a judgment for damages may be awarded. 26 U.S.C. § 7433(d)(1).  Plaintiffs have failed to meet their burden with respect to this requirement.  Because the exhaustion of administrative remedies is a prerequisite to this type of claim, should Plaintiffs' claim be dismissed?

Section 6103 prohibits disclosures of "return information," except as permitted by the Internal Revenue Code.  26 U.S.C. § 6103.  Pursuant to exceptions provided in section 6103, the Service is authorized to disclose return information in order to carry out the provisions of the Code relating to establishment of liens.  26 U.S.C. § 6103(k)(6). Did the Service violate section 6103 in filing notices of federal tax lien?

## STATEMENT OF FACTS

On January 5, 2007, Plaintiffs, acting *pro se*, filed their complaint.  Plaintiffs seek to recover damages for the disclosure of return information by Service agents, both named and unnamed in the complaint.  (Compl. ¶ 1.)

Plaintiffs argue that they are the subject of ongoing, unauthorized collection action by the Service, and that on or about 2002, Service agents caused notices of federal tax liens to be recorded with the "County Recorder/Register of Deeds of Pope, County, State of Arkansas." (Id. ¶¶ 4, 5.)  Plaintiffs allege that each notice of federal tax lien wrongfully discloses tax return information, and these disclosures caused Plaintiffs

substantial mental and emotional distress and subjected them to the possibility of identity theft.  (Id. at ¶¶ 6 - 10.)

Plaintiffs base their cause of action in 26 U.S.C. § 7431, which they maintain provides taxpayers with a cause of action for statutory and/or actual and punitive damages against the United States in the event that a Service agent makes any unlawful disclosure of return information in violation of 26 U.S.C. § 6103.  (Id. at ¶¶ 14, 15.)

Attached to Plaintiffs' complaint is a notice of federal tax lien, prepared and signed on August 20, 2002, and a notice of federal tax lien, prepared and signed on June 10, 2004.  (Id. ¶ 5, Attachment.)  The notices of federal tax lien indicate that Plaintiffs have at least $22,978 in unpaid tax liabilities for the years 1992-1996.  (Compl., Attachment.)  The notices of federal tax lien identify Plaintiffs by name, address, and identifying number.  (Id.)

ARGUMENT

**I.  Standard of Review**

When determining a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the court must give the plaintiff's factual allegations close scrutiny because the plaintiff has the burden of proof to establish jurisdiction.  See, e.g., Macharia v. United States, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  This scrutiny permits the court to consider material outside of the pleadings in its effort to determine whether it has jurisdiction.  See, e.g., Cronauer v. United States, No. 04-1355, 2006 WL 2708682,

at *2 (D.D.C. Sept. 20, 2006) citing EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d

621, 625 n.3 (D.C. Cir. 1997); Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir.

1992).

     When determining a motion to dismiss for failure to state a claim upon which

relief can be granted under Fed. R. Civ. P. 12(b)(6), the court must view all of the

allegations and facts in the complaint in a light most favorable to the plaintiff, and must

grant the plaintiff the benefit of all inferences that can be derived from those facts. See

Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004). However, the court need not

accept as true legal conclusions couched as a factual allegations, inferences, or

conclusory allegations that are unsupported by facts set forth in the complaint. See

Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006); Kowal v. MCI

Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## II.  Section 7433 Is Plaintiffs' Exclusive Remedy

     Plaintiffs' section 7431 claim must be dismissed pursuant to Fed. R. Civ. P.

12(b)(1) because section 7433 of the Internal Revenue Code provides the exclusive

remedy for allegedly unauthorized or improper collection actions, and this Court

therefore lacks subject matter jurisdiction over this claim. Disclosures of return

information allegedly made in the course of collection actions are subsumed within this

exclusive remedy.

     Section 7433(a) provides:

If, in connection with any collection of Federal tax with respect to a taxpayer, any
officer or employee of the Internal Revenue Service recklessly or intentionally, or

by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.  Except as provided in Section 7432, such civil action <u>shall be the exclusive remedy for recovering damages resulting from such actions</u>.

26 U.S.C. § 7433(a) (emphasis added).  By its own terms, the statute is the "exclusive remedy" for the violation of "any provision of this title" that occurs in the course of federal tax collection.  <u>Id.</u>  Congress provided only one exception to section 7433's exclusivity, and that is section 7432.  <u>Id.</u>

Section 7431 was added to the Internal Revenue Code six years before section 7433, and Congress must necessarily have been aware of section 7431 when it enacted section 7433.  <u>Cf</u>. <u>Miles v. Apex Marine Corp.</u>, 498 U.S. 19, 32 (1990) ("We assume that Congress is aware of existing law when it passes legislation.").  Had Congress intended section 7431 to be an alternative or supplemental remedy to an action within the purview of section 7433, Congress would have included section 7431 as an exception along with section 7432.  <u>Cf</u>. <u>Connecticut Nat'l Bank v. Germain</u>, 503 U.S. 249, 253-54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

The legislative history of section 7433 further supports the conclusion that Congress intended the statute to be the exclusive avenue of redress for all unauthorized collection actions.  The legislative history provides that "an action brought under this provision [section 7433] shall be the exclusive remedy for recovering damages resulting from reckless or intentional disregard of a provision of the Internal Revenue Code, or a

regulation promulgated thereunder, by an IRS employee engaged in the collection of any Federal tax." H.R. REP. NO. 100-1104, at 228-290 (1988), reprinted in 1988 U.S.C.C.A.N. 4515, 5288-89.

Judicial precedent also supports the exclusivity of section 7433. In Shwarz v. United States, the Ninth Circuit held that section 7433 is the exclusive remedy for alleged unauthorized disclosures of tax return information that occur in the course of collection activity, and barred a claim under section 7431 in such a case. Shwarz v. United States, 234 F.3d 428 (9th Cir. 2000). In Shwarz, the plaintiffs claimed that Service employees made unauthorized disclosures when a revenue officer filed an allegedly false declaration in support of an application to enter plaintiffs' place of business to effect a levy and when revenue officers posted seizure notices at plaintiffs' place of business. Id. Because the alleged unauthorized disclosures occurred in connection with tax collection activities, the court ruled that the suit had to proceed under section 7433 and not section 7431. Id. See also Elias v. United States, No. 90-0432, 1990 WL 264722, at *9 n.7 (C.D. Cal. Dec. 21, 1990) (noting that due to the then-recent enactment of section 7433, Congress did not intend for section 7431 suits to be maintained in situations arising from tax collection activities), aff'd mem., 974 F.2d 1341 (9th Cir. 1992).

This Court recently concurred in the holding in Shwarz and the exclusivity of section 7433. Evans v. United States, No. 06-1713, ___ F. Supp. 2d ___, 2007 WL 869039, at *4 (D.D.C. March 21, 2007); Powell v. United States, No. 06-1860, ___ F. Supp. 2d,

- 6 -

2007 WL 853129, at *1 (D.D.C. March 21, 2007); <u>Koerner v. United States</u>, No. 06-1633,

___ F. Supp. 2d ___, 2007 WL 159716, at *4 (D.D.C. Jan. 23, 2007) ("Accordingly, § 7433

is plaintiffs' only possible avenue of recourse and the Court lacks subject matter

jurisdiction to hear plaintiffs' claims under § 7431.").

In sum, section 7433 is the exclusive remedy for disclosures allegedly made

during tax collection activities. Plaintiffs' unauthorized disclosure claim relates to

notices of federal tax lien filed with the circuit clerk and recorder. Chapter 64 of the

Internal Revenue Code addresses the issue of collection, and section 6323 contained

therein provides for the filing of notices of federal tax liens. Accordingly, Plaintiffs'

unauthorized disclosure claim relates to the Service's collection activities. <u>See</u> <u>Evans v.</u>

<u>United States</u>, No. 06-1713, ___ F. Supp. 2d ___, 2007 WL 869039, at *4 (D.D.C. March

21, 2007)(stating that the filing of notices of tax lien is a collection activity); <u>Opdahl v.</u>

<u>United States</u>, No. 98-0262, 2001 WL 1137296, at 2 (D.D.C. Aug. 16, 2001)(stating that the

filing of notices of liens is a collection activity).

Because section 7433 is the exclusive remedy for unauthorized collection

activities, this Court lacks subject matter jurisdiction and the claim should be dismissed

under Fed. R. Civ. P. 12(b)(1). To hold otherwise would enable a taxpayer, whose

return information was disclosed as part of collection activity, to recover damages

under both sections 7431 and 7433, or to elect the more favorable scheme of relief,

depending on the alleged violation. Congress' intent was not to allow a taxpayer to

receive double recovery for the same conduct or to shop for the more favorable remedial scheme.

### III.  Plaintiffs' Claim Is Barred by the Statute of Limitations

Section 7433(d)(3) provides a two-year statute of limitations for claims of wrongful collection.  All such claims must be brought within two years after the date the right of action accrued.  26 U.S.C. § 7433(d)(3); Gandy Nursery, Inc. v. United States, 412 F.3d 602, 603 n.3 (5th Cir. 2005); Dziura v. United States, 168 F.3d 581, 582 (1st Cir. 1999); Bright v. United States, 446 F. Supp. 2d 339, 344, 345 (E.D. Pa. 2006).[1]   If a waiver of sovereign immunity contains a limitations period, a plaintiff's failure to timely file suit deprives the court of jurisdiction.  Gandy Nursery, Inc v. United States, 318 F.3d 631, 637 (5th Cir. 2003).

Plaintiffs' complaint is based exclusively on the alleged disclosures made in the 2002 and 2004.  (Compl., Attachment.)  While their complaint fails to state when they learned of the disclosure, Plaintiffs allege that the disclosures occurred in 2002.  (Id. at ¶ 5.)  Furthermore, Plaintiffs attached copies of notices of federal tax lien dated 2002 and 2004.  (Compl., Attachment.)

Plaintiffs did not file their complaint until January 5, 2007, and therefore the Court should dismiss the matter pursuant to Fed. R. Civ. P. 12(b)(1).

---

[1]  Section 7431(d) states that any action under this section may be brought within two years after the date of discovery by the plaintiff of the unauthorized disclosure.  26 U.S.C. § 7431(d).  Therefore, even if Plaintiffs' action were proper under section 7431, the claim would be subject to an identical temporal limitation.

### IV.  Plaintiffs' Claim Is Barred Because the Requirements of Section 7433 Have Not Been Met

Assuming arguendo that the Plaintiffs had properly brought their suit pursuant to section 7433, the Court should nonetheless dismiss Plaintiffs' complaint because the requirements of section 7433 have not been met.

It is well settled that the United States is immune from suit, unless its sovereign immunity has been waived.  Kentucky v. Graham, 473 U.S. 159, 165-67 (1985); Lehman v. Nakshian, 453 U.S. 156, 160 (1981); United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Shaw, 309 U.S. 495, 500-01 (1940).  It is also fundamental that where the sovereign has waived immunity, no suit can be maintained unless it is in exact compliance with the terms of the statute under which the sovereign has consented to be sued.  United States v. Nordic Village, Inc., 503 U.S. 30 (1992); United States v. King, 395 U.S. 1, 4, 89 (1969); United States v. Sherwood, 312 U.S. 584, 596 (1947).

Under section 7433(d)(1), prior to bringing suit in federal district court for damages, taxpayers must exhaust their administrative remedies.  26 U.S.C. § 7433(d)(1). "A judgment for damages shall not be awarded under [section 7433] subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."  Id.

The Secretary of the Treasury of the United States has promulgated regulations governing the administrative claim for damages under section 7433.  26 C.F.R. § 301.7433-1(e).  The regulations provide that --

> An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages...shall be sent in writing to the Area Director, Attn; Compliance Technical Support Manager of the area in which the taxpayer currently resides.

Id.  The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives, and such claim must include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonable foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this regulation deprives a court of jurisdiction.  See Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992); Glass v. United States, 424 F. Supp. 2d 224, 227 (D.D.C. 2006); McGuirl v. United States, 360 F. Supp. 2d 125 (D.D.C. 2004).

"In a § 7433 action, the plaintiffs bear 'the burden of demonstrating an explicit waiver of the government's sovereign immunity from suit.'" Holt v. Davidson, 441 F. Supp. 2d 92, 96 (D.D.C. 2006) (citing People of Cal. ex. rel. Ervin v. Dist. Dir., 170 F. Supp. 2d 1040, 1048 (E.D. Cal. 2001)).  In the instant matter, Plaintiffs make no assertions concerning their pursuit of administrative remedies, therefore Plaintiffs have not met their burden in proving exhaustion of administrative remedies.  As a result, Plaintiffs have not adequately met their burden in alleging that the United States has

unequivocally waived its sovereign immunity, therefore this Court does not have jurisdiction over this claim and should dismiss the complaint.[2]

### V.   Plaintiffs Fail to State a Claim Because There Was No Unlawful Disclosure

But even if this case were properly before the Court under 26 U.S.C. §§ 7431 or 7433, Plaintiffs have not alleged sufficient facts upon which to posit a violation of 26 U.S.C. § 6103, and therefore the matter should be dismissed under Fed. R. Civ. P. 12(b)(6).

Section 7431 provides civil damages when there is a negligent or willful violation of section 6103, other than in the collection process.  26 U.S.C. § 7431.  Section 7433 protects taxpayers from negligent or intentional violations of section 6103, *inter alia*, in the collection process.  26 U.S.C. § 7433.  Section 6103(a) is a general taxpayer privacy-protection statute, and states the general rule that return information shall be confidential, and that, except as authorized, such information shall not be disclosed.

---

[2] There is conflicting case law in the Court concerning whether the failure to exhaust administrative remedies under section 7433 should be analyzed as a jurisdictional issue or as a failure to state a claim under Fed. R. Civ. P. 12(b)(6). Compare Turner v. United States, 429 F. Supp. 2d 149, 154 (D.D.C. 2006); Ross v. United States, 460 F. Supp. 2d 139, 139 (D.D.C. 2006) with Glass v. United States, 424 F. Supp. 2d 224, 227 (D.D.C. 2006); Holt v. Davidson, 441 F. Supp. 2d 92, 95 (D.D.C. 2006); McGuirl v. United States, 360 F. Supp. 2d 125 (D.D.C. 2004).  It is the position of the United States that, as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion under section 7433 is by definition a part of the court's jurisdiction to entertain the suit.  However, because the instant matter was brought pursuant to section 7431 rather than section 7433 and the basis of dismissal for failure to exhaust administrative remedies under section 7433 is only an ancillary issue, the United States respectfully moves to dismiss the action pursuant to 12(b)(1), or in the alternative, 12(b)(6).

<u>Church of Scientology of California v. Internal Revenue Service</u>, 484 U.S. 9, 10 (1987);

<u>see also</u> <u>Koerner v. United States</u>, No. 06-1633, ___ F. Supp. 2d ___, 2007 WL 159716, at

*5 (D.D.C. Jan. 23, 2007) ("[N]ot all disclosures of tax return information violated §

6103.").  The Internal Revenue Code contains a number of specific and several general

exceptions to this rule of non-disclosure.  Specifically, section 6103(k)(6) provides:

> An internal revenue officer or employee may, in connection with his official
> duties relating to any...collection activity...disclose return information to the
> extent that such disclosure is necessary in obtaining information, which is not
> otherwise reasonably available...with respect to the enforcement of any other
> provisions of this title.  Such disclosures shall be made only in such situations
> and under such conditions as the Secretary may prescribe by regulation.

26 U.S.C. § 6103(k)(6).

The Secretary of the Treasury has promulgated regulations enumerating the

specific circumstances under which disclosures may be made pursuant to section

6103(k)(6).  Because section 6103(k)(6) directs the Secretary of the Treasury to

promulgate regulations controlling the situations and conditions under which

disclosure is permitted, the resulting regulations are so-called "legislative regulations,"

and are entitled to special deference from the courts.  <u>See</u>, <u>e.g.</u>, <u>Chrysler Corp. v. Brown</u>,

441 U.S. 281, 301-03 (1979).  Regulation 301.6103(k)(6)-1(a) states:

> [A]n internal revenue employee...in connection with the performance of official
> duties relating to any...collection activity...may disclose return information of
> any taxpayer, to the extent necessary to obtain information relating to such
> official duties, <u>including, but not limited to</u>-
> (vi) ...to locate assets in which the taxpayer has an interest...[and] to apply the
> provisions of the Code relating to establishment of liens against such assets.

26 C.F.R. § 301.6103(k)(6)-1(a) (2006) (emphasis added)

Section 6103(k)(6) and the pertinent regulations "plainly indicate that disclosure of return information necessary to accomplish collection activities, including the service of levies... and the filing of notices of federal tax liens, is exempt from the general disclosure prohibition of Section 6103(a)." Elias v. United States, No. 90-0432, 1990 WL 264722, at *5 (C.D. Cal. Dec. 21, 1990), aff'd mem., 974 F.2d 1341 (9th Cir. 1992); see also, Long v. United States, 972 F.2d 1174, 1180 (10th Cir. 1993) ("6103(k)(6) authorizes an IRS employee to disclose tax return information in the issuance of liens."); Mann v. United States, 204 F.3d 1012, 1018 (10th Cir. 2000) ("6103(k)(6) and the relevant regulations do permit disclosure of tax return information when made in notices of lien."); Opdahl v. United States, No. 98-0262, 2001 WL 1137296, at (D.D.C. Aug. 21, 2001) ("Federal courts have held that disclosure of return information in notices of levy is 'necessary to the collection activity' and thus falls within the § 6103(k)(6) exemption. The limited information concerning plaintiff's tax deficiencies included in the notice of lien and levies was 'necessary to the collection activity' and did not violate 26 U.S.C. § 7431.") (internal citations omitted). This Court has recently upheld this argument in a case nearly identical to the present one, and held that "under § 6103(k)(6) and related Treasury regulations, plaintiffs have failed to state a claim under § 7431." Koerner v. United States, No. 06-1633, ___ F. Supp. 2d ___, 2007 WL 159716, at *6 (D.D.C. Jan. 23, 2007).

In the instant case, it cannot be disputed that the notices of federal tax lien were filed in connection with the official duties of the Service in attempting to collect

Plaintiffs' tax liabilities.  The actions of the Service agents in this case properly fall under the protection of section 6103(k)(6), therefore there can be no liability under sections 7431 or 7433.  As a result, Plaintiffs' complaint should be dismissed.

CONCLUSION

Plaintiffs' exclusive remedy is found in section 7433, therefore the complaint should be dismissed.  In the alternative, the complaint should be dismissed because Plaintiffs' claim is barred by the statute of limitations and because they have not exhausted their administrative remedies under the Code.  In the alternative, there has been no violation of section 6103 and therefore the complaint should be dismissed.

DATE: March 26, 2007

Respectfully submitted,


    /s/ Anne E. Blaess
ANNE E. BLAESS
NICOLE M. STODUTO
Trial Attorneys, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 616-9806
            616-9785
Facsimile: (202) 514-6866
Email: Anne.E.Blaess@usdoj.gov
       Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

- 14 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DON AHRENS                              )
BEVERLY AHRENS,                         )
                                        )
            Plaintiffs,                 )
                                        )
      v.                                )        No. 1:07-cv-00035 RMU
                                        )
UNITED STATES,                          )
                                        )
            Defendant.                  )

<u>NOTICE OF RELATED CASES</u>

Save for the identity of the plaintiffs, the complaints in the following cases are

nearly identical to that filed in this matter:

   1. Richard & Wilma Metsker v. United States, Civil No. 1:06-cv-02132 RCL

   2. Robert J. & Lisa L. Welzel v. United States, Civil No. 1:06-cv-1580-RBW

   3. Will H. & Mary Catherine LaRue v. United States, Civil No. 1:06-1495-RBW

   4. LaVern & William S. Koerner v. United States, Civil No. 1:06-cv-1633-ESH

   5. Stephen J. & Patricia Lindsey v. United States, Civil No. 1:06-cv-1409-RBW

   6. Rebekah H. Miller v. United States, Civil No. 1:06-cv-1525-RMU

   7. Roy A. Watson v. United States, Civil No. 1:06-cv-1594-EGS

   8. Bruce R. Travis v. United States, Civil No. 1:06-cv-1584-RCL

   9. Paul B. Evans v. United States, Civil No. 1:06-cv-1713-JDB

   10. Mary H. & Robert W. Rhodes, III v. United States, Civil No. 1:06-cv-1840-EGS

   11. Rudolf & Glenda Luscher v. United States, Civil No. 1:06-cv-1617-PLF

12. Eleanor M. Glass v. United States, Civil No. 1:06-cv-1619-ESH

13. Colby Dill v. United States, Civil No. 1:06-cv-1557-HHK

14. Lowell Martin v. United States, Civil No. 1:06-cv-1624-JDB

15. Jack D. Thrasher v. United States, Civil No. 1:06-cv-1623-GK

16. Norman E. & Carole M. Curfman v. United States, Civil No. 1:06-cv-1987-RMC

17. Stephen P. Foryan v. United States, Civil No. 1:06-cv-1947-RBW

18. James T. O'Connor v. United States, Civil No. 1:06-cv-1891-HHK

19. Robert Powell v. United States, Civil No. 1:06-cv-1860-RJL

20. Lee F. Garvin v. United States, Civil No. 1:06-cv-1735-RBW

21. Edward J. Link v. United States, Civil No. 1:06-cv-2113-GK

22. Manfred R. & JoAnn Stockwell v. United States, Civil No. 1:06-cv-1517-ESH

23. Jimmie D. & Pamela A. Ross v. United States, Civil No. 1:06-cv-1774-HHK

24. Thomas & Doris Moorehouse v. United States, Civil No. 1:06-cv-2152-EGS

25. Linda Lykens v. United States, Civil No. 1:07-cv-20-JDB

26. Grant North v. United States, Civil No. 1:06-cv-1516-EGS

//

//

//

//

//

//

- 2 -

Indeed, not only are the complaints in these cases nearly identical, but many of the plaintiffs listed above have also filed previous complaints alleging unlawful disclosure under 26 U.S.C. § 7433, and such complaints are also nearly identical to one another.

DATE: March 26, 2007

Respectfully submitted,

 /s/  Anne E. Blaess
ANNE E. BLAESS
NICOLE M. STODUTO
Trial Attorneys, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Telephone: (202) 616-9785
                 616-9806
Facsimile: (202) 514-6966
Email: Anne.E.Blaess@usdoj.gov
          Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

- 3 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DON AHRENS | ) | |
| BEVERLY AHRENS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-00035 RMU |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

O R D E R

Having considered the United States' motion to dismiss, memorandum in

support thereof, and any oppositions and replies thereto, the Court concludes that the

motion ought to be granted.  Accordingly, it is this _____ day of _____,

2007, at Washington, District of Columbia,

ORDERED that the United States' motion to dismiss be and is GRANTED;

ORDERED that Plaintiffs' complaint be and is DISMISSED WITH PREJUDICE,

and it is further

ORDERED that the clerk shall distribute conformed copies of this order to the

parties and representatives of the parties listed below.


_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

ANNE E. BLAESS
NICOLE M. STODUTO
Trial Attorneys, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 616-9785
                          616-9806
Facsimile: (202) 514-6966
Email: Anne.E.Blaess@usdoj.gov
        Nicole.M.Stoduto@usdoj.gov

DON AHRENS
Plaintiff *pro se*
Post Office Box 311
Dover, Arkansas 72837

BEVERLY AHRENS
Plaintiff *pro se*
Post Office Box 311
Dover, Arkansas 72837

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DON AHRENS                              )
BEVERLY AHRENS,                         )
                                        )
            Plaintiffs,                 )
                                        )
      v.                                )        No. 1:07-cv-00035 RMU
                                        )
UNITED STATES,                          )
                                        )
            Defendant.                  )

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS,

MEMORANDUM, ORDER, and NOTICE OF RELATED CASES were caused to be

served upon Plaintiffs *pro se* on the 26th day of March, 2007, by depositing a copy in the

United States' mail, postage prepaid, addressed as follows:

DON AHRENS
Plaintiff *pro se*
Post Office Box 311
Dover, Arkansas 72837

BEVERLY AHRENS
Plaintiff *pro se*
Post Office Box 311
Dover, Arkansas 72837.

                                    /s/ Anne E. Blaess
                                    ANNE E. BLAESS