**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DON AHRENS et al., | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.: 07-35 (RMU) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

**DIRECTING THE PLAINTIFF TO RESPOND TO THE DEFENDANT'S MOTION TO DISMISS**

In this case, the defendant has filed a motion to dismiss. To date, the *pro se* plaintiff has not responded.

Providing *pro se* litigants with the necessary knowledge to participate effectively in the trial process is important. *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993). Although district courts do not need to provide detailed guidance to *pro se* litigants, they should supply minimal notice of the consequences of not complying with procedural rules. *Id.*

Toward that end, the court hereby notifies the plaintiff that failure to respond to a defendant's motion to dismiss may result in the court granting the motion and dismissing the case. *McCoy v. Read*, 2003 WL 21018864, at *1 (D.C. Cir. Apr. 29, 2003) (per curiam). Specifically, Local Civil Rule 7(b) states that a party must respond with a memorandum of points and authorities in opposition to a motion within 11 days of the date of service or at such other time as the court may direct. LCvR 7(b). If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded. *Id.*

Accordingly, to give the plaintiff an opportunity to respond to the defendant's motion, it is this 5th day of September, 2007,

2

**ORDERED** that the plaintiff may file an opposition to the defendant's motion on or before September 21, 2007. If the plaintiff fails to file an opposition by that date, the court may treat the defendant's motion as conceded.

**SO ORDERED**.

RICARDO M. URBINA  
United States District Judge