## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| DON AHRENS *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 07-0035 (RMU) |
| | : | | |
| v. | : | Document No.: | 3 |
| | : | | |
| UNITED STATES, | : | | |
| | : | | |
| Defendant. | : | | |

### MEMORANDUM ORDER

**GRANTING THE DEFENDANT'S MOTION TO DISMISS**

This matter comes before the court on the defendant's motion to dismiss the plaintiffs' complaint. On January 5, 2007, the plaintiffs, Don and Beverly Ahrens, filed a complaint under 26 U.S.C. §7431 charging the Internal Revenue Service ("IRS") with unlawful disclosure of confidential personal information by filing notices dated June 10, 2004 and August 20, 2002 of a federal tax lien with the "County Recorder/Register of Deeds of Pope, County, State of Arkansas." Compl. ¶ 5, Attach. 1. The plaintiffs allege that each notice wrongfully disclosed tax return information and that the disclosure subjected them to the possibility of identity theft, while causing them substantial mental and emotional distress. *Id.* ¶¶ 6-8. The plaintiffs seek expungement of the lien and actual and punitive damages under 26 U.S.C. §7431. *Id.* ¶¶ 19-21.

On March 26, 2007, the defendant filed a motion to dismiss arguing that the court lacks subject-matter jurisdiction because: 26 U.S.C. §7433 provides the exclusive remedy for improper tax collection activities, the plaintiffs failed to bring suit within the two-year statute of limitations and the plaintiffs have not proved that they exhausted administrative remedies before filing suit.

Mot. to Dismiss at 1.[1]  In the alternative, the defendant contends that the complaint fails to provide the necessary facts upon which to posit a violation of 26 U.S.C. §6103, the taxpayer privacy-protection statute.  *Id.*

After the expiration of the period allotted for response under the Local Civil Rules, on September 5, 2007 the court issued an order directing the *pro se* plaintiffs to respond to the motion to dismiss and to recognize that a failure to do so might result in the court treating the defendant's motion as conceded.  Order (Sept. 5, 2007); LCvR 7(b).  Over four months later, the plaintiffs have yet to file a response.  Dismissal is appropriate on this ground alone.  *McCoy v. Read*, 2003 WL 21018864, at *1 (D.C. Cir. Apr. 29, 2003) (per curiam) (authorizing a court to treat a motion to dismiss as conceded by a forewarned *pro se* plaintiff).[2]

---

[1] The court construes the entire motion as arguing that the plaintiffs have failed to state a claim upon which relief can be granted, because the alleged deficiencies pertain to the boundaries of the right of action under 26 U.S.C. §7431 in light of §7433, in contrast to a statutory provision speaking to the jurisdiction of the district courts.  *See Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006) (stating that "when Congress does not rank a statutory limitation as . . . jurisdictional, courts should treat the restriction as non-jurisdictional in nature"); *see also Trudeau v. Fed. Trade Comm'n*, 56 F.3d 178, 191 (D.C. Cir. 2006) (observing that whether a statute authorizes a cause of action presents a question of whether plaintiff states a claim upon which relief can be granted, rather than jurisdiction).

[2] The court declines to definitively rule on a disputed question of law, upon the merits of which the light of the adversarial process has had no opportunity to play.  *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992) (characterizing briefing as integral to "the benefit of the adversarial process to explore and refine [legal] questions").  Yet, the fact that a concert of voices from this circuit and elsewhere has affirmed the proposition that §7433 provides the exclusive remedy for an action challenging tax collection activities deserves no small notice.  *See Shwarz v. United States*, 234 F.3d 428, 432-33 (9th Cir. 2000); *Koerner v. United States*, 471 F. Supp. 2d 125, 127 (D.D.C. 2007) (agreeing with *Shwarz* that "§7433 is plaintiff's only possible avenue of recourse" where plaintiff alleged wrongful disclosure based on IRS notices of tax liens, and thus dismissing claims under §7431); *see also Rhodes v. United States*, 2007 WL 3196483, at *2-3 (D.D.C. Oct. 31, 2007) (explaining that "[b]ecause other members of this Court have examined identical claims in detail and concluded without exception that the plaintiffs' section 7431 claims lack merit and must be dismissed, this Court need not reiterate at any great length the multiple reasons why plaintiffs' legal arguments clearly fail").

Accordingly, it is this 24th day of January 2008 hereby

**ORDERED** that the defendant's motion to dismiss is **GRANTED** as conceded; it is

**SO ORDERED**.

                                                              RICARDO M. URBINA
                                                       United States District Judge